UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|                              |   |                          |
|------------------------------|---|--------------------------|
| MICHAEL DUKE REEVES,         | : |                          |
|                              | : | Civil Nos. 15-7675(SRC); |
| Petitioner,                  | : | 15-2509(SRC)             |
|                              | : |                          |
| v.                           | : | MEMORANDUM AND ORDER     |
|                              | : |                          |
| OSCAR AVILES et al.,         | : |                          |
|                              | : |                          |
| Respondents.                 | : |                          |
|                              | : |                          |

**CHESLER,** United States District Judge

This matter comes before the Court on a self-styled "Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not be Issued" filed pursuant to 28 U.S.C. § 2243[1] (Civil Action No. 15-7675(SRC), ECF No. 1). The Court construes this submission as a motion for reconsideration of this Court's order dismissing Petitioner's § 2241 habeas petition as moot in Civil Action No. 15-2509.

I.  BACKGROUND

While Petitioner was in ICE detention, he filed a petition

---

[1]  28 U.S.C. § 2243 provides in pertinent part: "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

under 28 U.S.C. § 2241 seeking release from custody. See Reeves v. Aviles, Civil Action No. 15-cv-2509 (SRC) (D.N.J.) (ECF No. 1). On September 2, 2015, this Court dismissed the petition as moot because Petitioner was released from ICE custody after a bond hearing on July 21, 2015. Id. (ECF No. 18.) Petitioner has appealed that order, and his appeal is pending before the Third Circuit Court of Appeals. Id. (ECF Nos. 19, 20.)

II.  DISCUSSION

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel Lou-Ann Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). If a party establishes one of the following grounds, a judgment may be altered or amended on reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Petitioner contends that he may be subjected to renewed ICE custody if the Government's Bond Appeal is granted. (Bond Appeal, ECF No. 1-2 at 8-19.) In granting bond, the IJ stated:

In conclusion, because a non-citizen cannot be

2

> removed during the pendency of withholding only proceedings, and because finding that a reinstatement of removal order is final upon the date of issuance would effectively preclude any form of appeal to the BIA, the Court concludes that a reinstated order of removal is not final until the withholding of removal proceedings are complete.

(Memorandum Decision of the Immigration Judge, ECF No. 1-2 at 4.) Thus, petitioner was entitled to a bond hearing because his removal order was not yet final, and he was released.

Petitioner seeks declaratory and injunctive relief to protect him from the harm that would result if this finding by the Immigration Judge is overturned, and he is returned to indefinite ICE custody. Petitioner does not cite an intervening change in controlling law or new evidence in support of reconsideration of the order dismissing his habeas petition as moot. Instead, Petitioner fears he will have no recourse from indefinite custody if the Government's appeal is granted.

Petitioner's motion is best characterized as one to prevent manifest injustice. However, even if the Government's appeal is granted, petitioner has recourse available to him under 28 U.S.C. § 2241, if he is threatened with indefinite detention. "The Supreme Court held in Zadvydas that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal

3

from the United States." <u>Guerrero v. Aviles</u>, Civil Action No. 14-4367 (WJM), 2014 WL 5502931, at *3 (D.N.J. Oct. 30, 2014) (citing <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689 (2001)). If petitioner is taken back into custody because the Government's appeal is granted, making his removal order final, he has recourse under <u>Zadvydas</u>. <u>Id.</u> at *9 (citing <u>Castellanos v. Holder</u>, 337 F. App'x 263, 268 n. 3 (3d Cir. 2009) (per curiam) (a request for habeas relief was premature where the petitioner was not under a final order of removal following vacation of immigration judge's order finding that he did not possess reasonable fear of persecution)). Therefore, the Court will deny Petitioner's motion for reconsideration.

IT IS therefore, on this ___3ʳᵈ___ day of _Novel_ , 2015,

ORDERED that Petitioner's IFP application is **DENIED** as moot (Civil Action No. 15-7675, ECF No. 1-3) because this Court construes Petitioner's filing in this matter as a motion for reconsideration in Civil Action No. 15-cv-2509(SRC) (D.N.J.); and it is

ORDERED that the Clerk of the Court shall file Petitioner's submission in this matter (Civil Action No. 15-7675, ECF No. 1) in Civil Action No. 15-cv-2509(SRC), with a docket entry reading "Motion for Reconsideration"; and it is

ORDERED that the Motion for Reconsideration is **DENIED** (Civil

4

Action No. 15-7675, ECF No. 1); and the Clerk of the Court shall
file this Order in this action, and in Civil Action No. 15-cv-2509
(SRC); and it is

**ORDERED** that the Clerk of the Court shall serve this Order on
Petitioner by regular U.S. mail; and it is

**ORDERED** that the Clerk of Court shall close this matter.


Stanley R. Chesler
United States District Judge